### STATE v. TED TERRELL.

(Filed 19 October, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

APPEAL by defendant from *Williams, J.,* at May Term, 1938, of WARREN. Affirmed.

This is a criminal action in which the defendant was tried under a bill of indictment charging him with the murder of one Andrew Knight. The defendant was first tried at the May Term, 1937, of Warren, and was convicted of murder in the second degree. On appeal to this Court a new trial was ordered. *S. v. Terrell,* 212 N. C., 145. When the cause again came on for trial in the court below the defendant was again convicted of murder in the second degree. From judgment pronounced thereon the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*Banzet & Banzet, John Kerr, Jr., and Yarborough & Yarborough for defendant, appellant.*

PER CURIAM. The Court being evenly divided in opinion, *Schenck, J.,* not sitting, as to whether harmful error was committed in the trial of the defendant, the judgment of the Superior Court is affirmed and stands as the decision of this action without becoming a precedent.

Affirmed.

---

### STATE v. FELTON BASS AND MARVIN BASS (CONSOLIDATED).

(Filed 19 October, 1938.)

APPEAL by defendants from *Hamilton, Special Judge,* at March, 1938, Term of HARNETT.

Criminal prosecution on indictment charging perjury.

The defendants are charged with falsely testifying as witnesses under oath in the trial of civil action in the Superior Court of Harnett County, wherein the Dunn Electric Company was plaintiff and Ammie Jones

was defendant, in which action plaintiff was seeking to recover damages for alleged breach of contract for the purchase of a Delco lighting plant.

The State offers testimony of Ammie Jones and others tending to show that at the trial of the civil action at May Term, 1937, the defendants herein falsely testified under oath in substance that, on 5 October, 1928, they, as employees of the Dunn Electric Company, built the concrete base for the lighting plant and wired the house and store of the defendant, when in fact the concrete base was built and the wiring was done by Jack Barnes when he installed a Fairbanks plant which Ammie Jones had purchased after he declined to take the Delco plant. The cost of building the concrete base and the wiring were set up as elements of damage. Defendants did not testify.

Verdict: Guilty, with recommendation of mercy.

Judgment: Two years confinement in the State's Prison.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*R. L. Godwin for defendants, appellants.*

PER CURIAM. The evidence appearing in the record on this appeal presents a question of fact for the jury. After careful consideration, we are unable to find error in the trial, and the judgment must stand.

No error.

---

ELLIS GOLDSTEIN v. LOUIS BAER AND WIFE, SADIE BAER.

(Filed 19 October, 1938.)

APPEAL by plaintiff from *Cowper, Special Judge,* at April Term, 1938, of HARNETT. Affirmed.

This is a civil action instituted by the plaintiff to compel a partnership accounting and to liquidate partnership assets. Sadie Baer is only a nominal party defendant. The cause was referred to Jeff D. Johnson, Jr., referee, who duly reported his findings of fact and conclusions of law. The plaintiff entered numerous exceptions to the report and duly tendered issues arising thereon and demanded a jury trial.

The plaintiff, defendant Louis Baer and one Warren in 1925 acquired a large tract of land in Harnett County for speculation and resale. As all of the land was not sold a large part of it was farmed for a number of years. There were deeds *inter partes* and mortgages given to third parties to secure money which it is not here necessary to recite. On 10 May, 1927, the plaintiff and his wife executed and delivered to Solly